UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DEMOS P. DEMOPOULOS, DANIEL J. GATTO,
KENNETH BARRETT, WILLIAM CASSESE,
and JOHN A. CURCIO, as Trustees and Fiduciaries
of the LOCAL 854 HEALTH AND WELFARE
BENEFITS FUND,

                                Plaintiffs,

    - against -                                   COMPLAINT

JOFAZ TRANSPORTATION, INC.,               1:19-cv-1049
Y & M TRANSIT CORP.,

                                Defendants.
------------------------------------------------------------------X

The Trustees and Fiduciaries of the Local 854 Health and Welfare Benefits Fund (the "Fund")(the individuals named in the caption as trustees of the Fund shall be collectively referred to herein as the "Trustees" or "Plaintiffs") by their attorneys, Friedman & Anspach, allege as follows:

## INTRODUCTION

1.      The Trustees bring this action to compel Defendants Jofaz Transportation, Inc., and Y & M Transit Corp. ("Defendants") to submit unpaid and delinquent contributions and interest on late contributions for the period from at least September 2018 to January 2019, plus any amounts that become due and owing during the pendency of this action, plus statutory damages, including interest, the greater of additional interest or liquidated damages, and

attorney's fees and costs, as well as to seek an order from the Court requiring Defendants to remain current in making their contributions to the Fund.

2.  In bringing this action, the Trustees are enforcing the terms of the trust agreement governing the Fund ("Trust Agreement"), as well as the collective bargaining agreement requiring contributions to the Fund between Defendant and Local 553, I.B.T.[1] ("Local 553" or the "Union"). This action is based on provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001, et seq. Specifically, Plaintiffs invoke Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), in that they seek to enforce terms of the Trust Agreement, and to prevent violations of Section 515 of ERISA, 29 U.S.C. § 1145.

## JURISDICTION AND VENUE

3.  This Court's jurisdiction is based on Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

4.  This Court is one of proper venue pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the Fund is administered in this District, a breach took place in this District, and the Defendants may be found in this District.

## PARTIES

5.  The Fund is an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3). It was established pursuant to the terms of various collective bargaining agreements between the Union and various employers who are required to make contributions to the Fund on behalf of their employees who are covered by the collective bargaining agreements. The Fund provides various health and welfare benefits to covered

---

[1] Local 553 is the successor union to Local 854, I.B.T.

employees, retirees, and their dependents.  The Fund is operated pursuant to the terms of the Trust Agreement.

6. The Fund's principal office is located at 50 Charles Lindbergh Boulevard, Suite 207, Uniondale, New York 11553.

7. The Trustees are the "plan sponsor" within the meaning of Section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii).  The Trustees are fiduciaries of the Fund, as defined by Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

8. Jofaz Transportation, Inc. (hereinafter "Jofaz") is a New York corporation located at 1 Coffey St., Brooklyn, New York 11231.

9. Y & M Transit Corp. (hereinafter "Y & M") is a New York corporation located at 1 Coffey St., Brooklyn, New York 11231.

10. Jofaz and Y & M share a common business address and have been signatories to a single collective bargaining agreement with Local 553 under the signature of the same individual, who is the chief executive officer of both business entities.

## BACKGROUND

A. COLLECTIVE BARGAINING AGREEMENT WITH LOCAL 553

11. Defendants have been parties to and bound by a collective bargaining agreement with Local 553 covering the period from at least June 30, 2016 through March 1, 2019.

12. The collective bargaining agreement binds Defendants to the terms of the Trust Agreement.

B. <u>CONTRIBUTIONS TO THE FUND</u>

13. Pursuant to the terms of the collective bargaining agreement and Article VII of the Trust Agreement, Defendants are required to submit contributions on behalf of covered employees.

14. Article VII of the Trust Agreement and Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3) authorize the Trustees to bring an action to enforce an employer's obligations to the Plan under its collective bargaining agreement with Local 553, including the obligation to make contributions to the Fund.

15. The Trust Agreement, the Fund's Policy for the Collection of Delinquent Contributions, Audits and Mistaken Contributions, and 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B), require payment of interest on unpaid contributions at the rate of eighteen percent (18%) per annum.

16. Article VII, Section 8 of the Trust Agreement and Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C) further provide for payment of the greater of liquidated damages in an amount equal to twenty percent (20%) of unpaid contributions or an amount equal to the interest on unpaid contributions.

17. Article VII, Section 8 of the Trust Agreement and Section 502(g) of ERISA, 29 U.S.C. § 1132(g) also provide that in an action to collect delinquent contributions the Court shall award reasonable attorneys' fees and costs.

18. Any failure by Defendants to pay contributions to the Fund promptly when due is a violation of Section 515 of ERISA, 29 U.S.C. § 1145, which requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the

plan or under the terms of a collectively bargained agreement . . . [to] make such contributions in accordance with the terms and conditions of such plan or such agreement."

19. In enforcing Section 515 of ERISA, 29 U.S.C. § 1145, Plaintiffs are entitled under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), to the following: unpaid contributions; interest on the unpaid contributions at the rate of 18% per annum; an amount equal to the greater of interest on the unpaid contributions or liquidated damages in the amount of twenty percent (20%) of the unpaid contributions; reasonable attorneys' fees and costs of the action; and such other relief as the Court deems appropriate.

C. DELINQUENT CONTRIBUTIONS

20. Defendant Jofaz has failed to submit adequate contributions for the period from at least September 2018 through January 2019 in an amount equal to at least $85,462 to the Fund.

21. The cause of the delinquency is that from September 2018 through January 2019, Defendant Jofaz paid the Fund $403 per month per participant in the Fund's composite plan instead of the correct monthly rate of $650 per participant, as required by the terms of the collective bargaining agreement.

22. Defendant Y & M has failed to submit contributions for the period from at least September 2018 through January 2019 in an amount equal to at least $70,889 to the Fund.

23. The cause of the delinquency is that from September 2018 through January 2019, Defendant Y & M paid the Fund $403 per month per participant for participants

in the Fund's composite plan instead of the correct monthly rate of $650 per participant, as required by the terms of the collective bargaining agreement.

24. Prior to September 2018, Defendants had been making payments to the Fund in the proper required amounts for their employees who were participants in the Fund's composite plan.

25. No explanation has been given to the Fund for Defendants' sudden decision to stop making payments for their employees in the amounts required under the terms of the collective bargaining agreement.

26. Defendant Jofaz has failed to pay interest on late contributions made from September 2018 through January 2019 in the amount of at least $3,010 to the Fund, calculated as of February 20, 2019.

27. Defendant Y & M has failed to pay interest on late contributions made from September 2018 through January 2019 in the amount of at least $2,540 to the Fund, calculated as of February 20, 2019.

D.     <u>GROUNDS FOR INJUNCTIVE RELIEF</u>

28. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 27, as though set forth in full herein and with the same force and effect.

29. The Fund has suffered irreparable injury due to Defendants' delinquent behavior because Defendants' continuing failure to make contributions to the Fund in the required amount undermines the financial integrity of the Fund. Defendants have forced the Fund to incur unnecessary and increased administrative costs in securing the required contributions from Defendants. Defendants have also caused the Fund to lose investment

6

income from the unpaid monies. Defendants' delinquent behavior has contributed to the monthly deficits that the Fund has been experiencing in providing benefits to participating employees.

        30.      The remedies available at law are inadequate to compensate for these irreparable injuries. The Fund will remain at continued risk of irreparable injury in the event that the Defendants again refuse to pay their required benefit contributions to the Fund in accordance with the terms of the collective bargaining agreement. The Fund is constantly paying for benefits for participating employees and relies upon participating employers to make their required payments according to the terms of the collective bargaining agreements in the correct amounts and on time; the Fund will suffer irreparable injury if it repeatedly needs to initiate new litigation to seek Court judgments to obtain required payments from a serially delinquent employer.

        31.      Considering the balance of hardships between Defendants and Plaintiff, injunctive relief is appropriate. Defendants have undertaken a contractual obligation to pay benefit contributions under their collective bargaining agreement with Local 553, I.B.T., and under the Trust Agreement with the Fund.  Further, Defendants are obligated under ERISA Section 515, 29 U.S.C. § 1145, to pay their contributions in accordance with the terms of the collective bargaining agreement and Trust Agreement. Defendants simply need to comply with their contractual and legal obligations.  In the absence of such compliance by Defendants, Plaintiffs suffer from the irreparable injuries of deficit spending and lost investment income from unpaid monies.

        32.      Congress has made clear the public policy in favor of protecting the assets of the Fund for the benefit of the participants.  <u>See</u> ERISA Section 2, 29 U.S.C. § 1001.

FIRST CAUSE OF ACTION

33. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 32 as if the same were fully set forth herein.

34. Upon information and belief, at all times material hereto, Defendants have each employed at least one employee who performed covered work.

35. The collective bargaining agreement requires Defendants to report and contribute specified amounts of money to the Fund on behalf of individuals who performed covered work.

36. The Fund relies upon Defendants to make the proper contributions in accordance with the terms of the collective bargaining agreement in order to provide benefits to their employees in accordance with the rules and regulations established by the Trustees of the Fund.

37. At all times relevant to the allegations herein, Defendants have been bound by the Trust Agreement.

38. Any failure by Defendants to pay contributions to the Fund promptly and fully when due is a violation of Section 515 of ERISA, 29 U.S.C. § 1145, which requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement . . . [to] make such contributions in accordance with the terms and conditions of such plan or such agreement."

39. On November 30, 2018, the Fund's counsel sent a letter to Defendants, demanding payment of the delinquent contributions for September 2018 and October 2018. The Fund Office had previously notified Defendants of the delinquencies in their payments via email and by telephone with no response.

40. Defendants nevertheless failed to pay their delinquent contributions.

41. Defendant Jofaz is liable for delinquent contributions for the period from at least September 2018 through January 2019 in an amount equal to at least $85,462 to the Fund, plus an amount equal to the greater of interest on the unpaid contributions or liquidated damages in the amount of twenty percent (20%) of the unpaid contributions; plus reasonable attorney's fees and costs.

42. Defendant Y & M is liable for delinquent contributions for the period from at least September 2018 through January 2019 in an amount equal to at least $70,889 to the Fund, plus an amount equal to the greater of interest on the unpaid contributions or liquidated damages in the amount of twenty percent (20%) of the unpaid contributions; plus reasonable attorney's fees and costs.

43. Defendant Jofaz is liable for interest on late contributions made for the period from September 2018 through January 2019 in the amount of at least $3,010 to the Fund, calculated as of February 20, 2019.

44. Defendant Y & M is liable for interest on late contributions made for the period from September 2018 through January 2019 in the amount of at least $2,540 to the Fund, calculated as of February 20, 2019.

45. Defendants remain obligated to pay contributions to the Fund which may become due and owing during the pendency of this action.

## SECOND CAUSE OF ACTION

46. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 45, as though set forth in full herein and with the same force and effect.

47. From September 2018 to January 2019, Defendant has failed to pay contributions owed to to the Fund in their required amounts in a timely manner.

48. The Fund has suffered irreparable injury due to Defendants' delinquent behavior because Defendants' continuing failure to make contributions to the Fund in the required amount undermines the financial integrity of the Fund. Defendants have forced the Fund to incur unnecessary and increased administrative costs in securing the required contributions from Defendants. Defendants have also caused the Fund to lose investment income from the unpaid monies. Defendants' delinquent behavior has contributed to the monthly deficits that the Fund has been experiencing in providing benefits to participating employees.

49. The remedies available at law are inadequate to compensate for these irreparable injuries. The Fund will remain at continued risk of irreparable injury in the event that the Defendants again refuse to pay their required benefit contributions to the Fund in accordance with the terms of the collective bargaining agreement. The Fund is constantly paying for benefits for participating employees and relies upon participating employers to make their required payments according to the terms of the collective bargaining agreements in the correct amounts and on time; the Fund will suffer irreparable injury if it repeatedly needs to initiate new litigation to seek Court judgments to obtain required payments from a serially delinquent employer.

50. Considering the balance of hardships between Defendants and Plaintiff, injunctive relief is appropriate. Defendants have undertaken a contractual obligation to pay benefit contributions under their collective bargaining agreement with Local 553, I.B.T., and under the Trust Agreement with the Fund. Further, Defendants are obligated under ERISA Section 515, 29 U.S.C. § 1145, to pay their contributions in accordance with the terms of the collective bargaining agreement and Trust Agreement. Defendants simply need to comply with

their contractual and legal obligations.  In the absence of such compliance by Defendants, Plaintiffs suffer from the irreparable injuries of deficit spending and lost investment income from unpaid monies.

51. Congress has made clear the public policy in favor of protecting the assets of the Fund for the benefit of the participants.  See ERISA Section 2, 29 U.S.C. § 1001.

52. Pursuant to Federal Rule of Civil Procedure 65, Defendants should be enjoined from violating the employee benefit fund contribution provisions of any collective bargaining agreement in effect between Defendants and Local 553, I.B.T., and Defendants should be required to comply with their obligations to make timely benefit fund contributions to Plaintiffs in the required amounts pursuant to any such collective bargaining agreement, the Trust Agreement, and ERISA Section 515, 29 U.S.C. § 1145.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

A. On the First Cause of Action:

1. An Order holding Defendant Jofaz liable for payment of all unpaid contributions owed to the Fund pursuant to the collective bargaining agreement, the Trust Agreement, and ERISA Sections 502 and 515, 29 U.S.C. §§ 1132, 1145, including amounts which may become due and owing during the pendency of this action, in the amount of at least $85,462 to the Fund.

2. An Order holding Defendant Y & M liable for payment of all unpaid contributions owed to the Fund pursuant to the collective bargaining agreement, the Trust Agreements, and ERISA Sections 502 and 515, 29 U.S.C. §§ 1132, 1145, including amounts which may become due and owing during the pendency of this action, in the amount of at least $70,889 to the Fund.

2. An Order holding Defendants liable for payment of interest on all delinquent contributions at the rate of 18 percent (18%) per annum;

3. An Order holding Defendants liable for payment of the greater of additional interest at the rate of 18 percent (18%) per annum, or liquidated damages equal to twenty percent (20%) of unpaid contributions;

4. An Order holding Defendants liable for payment of an award of all costs and disbursements, including, but not limited to, reasonable attorneys' fees; and

5. Such other and further equitable relief as this Court deems appropriate.

B. <u>On the Second Cause of Action:</u>

1. An Order, pursuant to Rule 65 of the Federal Rules of Civil Procedure, permanently enjoining Defendants from violating the employee benefit fund contribution provisions of any collective bargaining agreement in effect between Defendants and Local 553, I.B.T., and requiring Defendants to comply with its obligations to make timely benefit fund contributions to Plaintiffs in their required amounts pursuant to the collective bargaining agreement, the Trust Agreement, and ERISA Section 515, 29 U.S.C. § 1145.

Dated: February 21, 2019
New York, New York

By: /s/
Anusha Rasalingam
Daniel Treiman

FRIEDMAN & ANSPACH
1500 Broadway, Suite 2300
New York, New York 10036
(212) 354-4500
arasalingam@friedmananspach.com
dtreiman@friedmananspach.com

Attorneys for Plaintiffs

4823-4974-0168, v. 1